## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ALFREDO FUENTES, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER:  1:23-cv-00443 |
| | § | |
| LAKESIDE APARTMENTS | § | |
| ROUND ROCK TX LLC and | § | |
| PROCOLLECT, INC., | § | |
| *Defendants* | § | DEMAND FOR JURY TRIAL |
| . | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Alfredo Fuentes ("Plaintiff" or "Fuentes" herein), brings this action against

Defendants, PROCOLLECT, Inc. ("Procollect" herein), and Lakeside Apartments Round Rock

TX LLC ("Lakeside" herein), and will show as follows:

## PRELIMINARY STATEMENT

1.   This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq*. ("FDCPA") and Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"),

and other applicable claims, to obtain damages, and other relief.

1

## JURISDICTION AND VENUE

2.   This Court has subject-matter jurisdiction over this matter pursuant to

28  U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*.

3.   Venue is proper in the United States District Court for the Western District of

Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because one or more of the

Defendants maintain the principal office in this district.

## STANDING

4.   Plaintiff has suffered an injury in fact that is traceable to Defendants' collective

conduct and that is likely to be redressed by a favorable decision in this matter.

5.   Plaintiff further suffered a concrete injury because of Defendants' violations

contained herein, including, and not limited to inaccurate credit reporting.

6.   Plaintiff further suffered a concrete informational injury because of Defendants'

failure to provide truthful information in connection with attempts to collect an alleged consumer

debt from Plaintiff.

## THE PARTIES

7.   Plaintiff, Alfredo Fuentes, is an individual who resides in Harris County,

Texas.

8.   Defendant, Procollect, Inc., is a Texas corporation and may be served by and

through its registered agent:

> John Bowdich
> 10440 N. Central Expressway, Suite 1540
> Dallas, Texas 75231

2

9.   Defendant, Lakeside Apartments Round Rock TX LLC, is a creditor and former landlord of Plaintiff and a foreign entity that is authorized to do business in Texas, and may be served by and through its registered agent:

> Matthew Merritt
> 4499 Pond Hill Road
> San Antonio, Texas 78231

## FACTUAL ALLEGATIONS

10.   This complaint seeks to address claims with regards to an alleged debt for goods and/or services for personal, family or household purposes in connection to a residential apartment lease at an apartment complex owned by Lakeside, located at 941 Hesters Crossing Road, Round Rock, Texas 78681, Williamson County ("alleged debt" herein).

11.   Defendant Lakeside is the former landlord of Plaintiff and the original creditor of the alleged debt.

12.   On or about August 2019, Plaintiff signed a residential lease ("Lease" herein) with Lakeside for a lease term from September 1, 2019, to September 30, 2020.

13.   In August of 2020, Fuentes contacted Lakeside whereby he sought to end the Lease one month earlier- by September 1, 2020.

14.   On or about August 19, 2020, Fuentes received an email from Traci Milstead Property manager, confirming an "agreement" whereby Lakeside would release Fuentes from the Lease one month early. Moreover, Milstead further copied the assistant manager as further evidence of the agreement (See Exhibit A incorporated by reference herein).

15.   On or about September 1, 2020, in reliance on the early termination agreement, Plaintiff vacated the premises and surrendered possession.

16.  After Fuentes vacated the unit, Fuentes received phone calls from Procollect seeking to collect the alleged debt on behalf of Procollect. However, Fuentes never received any prior itemization from Lakeside indicating any outstanding balance. Moreover, Fuentes informed Procollect about the agreement with Lakeside.

17.  On or about November 3, 2021, in response to a dispute by Fuentes, Procollect sent to Plaintiff a collection letter and itemization of the alleged debt. Specifically, Procollect claimed the alleged debt was $1300.41. Moreover, approximately $1095.00 of purported balance was for rent and related charges for September 2020, the month after Fuentes ended the lease (collection letter and statement are incorporated by reference as Exhibit B and partially redacted in accordance with FRCP 5.2).

18.  On or about April 1, 2023, Procollect transmitted information to Experian regarding the alleged debt, including that the outstanding balance was $1300.00.

19.  Plaintiff alleges that the transmission by Procollect to Experian of the credit reporting balance of $1300.00 was materially false and misleading.

20.  Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

21.  The alleged debt is a "debt" as that term is defined by § 1692a (5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

22.  Procollect is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) of the FDCPA.

23.  Procollect is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

24.  Lakeside is a "debt collector" as defined in § 392.001(6) of the TDCA.

25.  The transmission of credit reporting information by Procollect to Experian was a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

26.  The sending of Exhibit B by Procollect to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

27.  The transmission of credit reporting information to Experian by Procollect was a form of "debt collection" as that term is defined by § 392.001(5) of the TDCA.

28.  Plaintiff alleges that Lakeside engaged in debt collection of the alleged debt, by the assignment of the alleged debt to Procollect and by their collective efforts to direct and influence the collection of the alleged debt by Procollect.

29.  Plaintiff further alleges that Lakeside communicated with Procollect false information regarding the alleged debt. At the very least, Lakeside placed the alleged debt with Procollect with full knowledge that the subject apartment was promptly relet.

30.  Plaintiff alleges that Lakeside was aware that Procollect was reporting false information to the credit bureaus of Plaintiff for nearly a year.

31.  Plaintiff alleges that Procollect knew or should have known that the alleged debt was materially inaccurate before it transmitted the purported balance to Experian and before sending Exhibit B to Plaintiff.

32.  Plaintiff alleges that Lakeside engaged in debt collection of the alleged debt, at the very least, by the assignment of the alleged debt to Procollect and by the collective efforts to direct and influence the collection of the alleged debt from Procollect.

33.  Plaintiff further alleges that Lakeside communicated with Procollect

false information regarding the alleged debt.

34.  Plaintiff alleges that Lakeside was aware that Procollect was reporting false

information to the credit bureaus of Plaintiff.


## COUNT I--VIOLATION OF THE TEXAS DEBT COLLECTION ACT AS TO LAKESIDE AND PROCOLLECT

35.  Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

36.  Chapter 392, Section 304 of the Texas Finance Code provides as follows:


**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**


37.  Plaintiff alleges Procollect violated the foregoing provisions of Chapter 392,

Section 304 of the Texas Finance Code by the transmission of materially false credit information

Experian regarding the balance of the alleged debt.

38.  Plaintiff alleges Procollect violated the foregoing provisions of Chapter 392,

Section 304 of the Texas Finance Code by sending Exhibit B to Plaintiff, notwithstanding

the fact that the account balance was materially overstated.

6

39. Plaintiff alleges that Defendant Lakeside misrepresented the amount of the alleged debt by transmitting to Procollect inaccurate information when it knew or should have known Procollect would in turn transmit to the credit bureaus of Plaintiff.

40. Plaintiff alleges he has incurred actual damages, including damage to his credit, because of the foregoing violations

### COUNT II--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PROCOLLECT

41. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

42. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

   **FALSE OR MISLEADING REPRESENTATIONS**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(2) The false representation of—**
   **(A) the character, amount, or legal status of any debt;**

   **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

43. Procollect violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely transmitting the unpaid balance of $1300.00 to Experian, notwithstanding that Plaintiff orally communicated with Procollect the agreement with Lakeside.

44. Procollect further violated section e(8) of 15 U.S.C. § 1692e by transmitting incorrect information related to the amount of the alleged debt to Experian.

45.  Procollect further violation sections (2)(A) and (10) of 15 U.S.C. § 1692e by

contacting Plaintiff by phone and sending the Letter/Exhibit B to Plaintiff, notwithstanding

the fact that the information in the letter was materially false.

## JOINT ENTERPRISE

46.  Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

47.  Plaintiff alleges that Procollect and Lakeside are collectively liable under the

TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express

or implied, among the members of the group; (2) a common purpose to be carried out

by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4)

an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

See Shoemaker v. Estate of Whistler, 513 S.W.2d 10, 18 (Tex.1974).

## VICARIOUS LIABILITY

48.  Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

49.  Plaintiff alleges that Lakeside is liable for the actions of Procollect by virtue of

vicarious liability and/or agency.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

50.  Plaintiff requests the Court issue a Temporary Injunction and Permanent

Injunction under the TDCA and FDCPA that orders Procollect to correct the improper reporting

of the alleged debt on all the credit bureaus of Plaintiff.

### REQUEST FOR ATTORNEY'S FEES

51. Plaintiff seeks reasonable attorneys' fees as per the FDCPA, TDCA and any other statutory or common law basis.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Alfredo Fuentes, respectfully prays that Defendants, Procollect, Inc. and Lakeside Apartments Round Rock Tx LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Procollect to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff;

b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

d. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2) and any other applicable provision;

e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

f. The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

g. The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Alfredo Fuentes*